UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY ROBINSON,

               Petitioner,

                                    CASE NO. 13-CV-14041
v.                               HONORABLE PATRICK J. DUGGAN

SHIRLEE HARRY,

               Respondent.
_____/

**OPINION AND ORDER GRANTING THE MOTION FOR SUMMARY
JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS
CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

     Michigan prisoner Anthony Robinson ("Petitioner") has filed a pro se petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal

conviction and sentence.  Petitioner pleaded guilty to third-degree criminal sexual

conduct in the Wayne County Circuit Court and was sentenced to 5 to 15 years

imprisonment in 2010.  In his petition, he raises claims concerning his collateral

review proceedings, the voluntariness of his plea, the effectiveness of trial and

appellate counsel, the trial court's refusal to substitute counsel, interference with the

plea process, and cumulative error.

The matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions.  For the reasons set forth, the Court finds that the petition is untimely, grants Respondent's motion for summary judgment, and dismisses the petition with prejudice.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I.  Facts and Procedural History

Petitioner's conviction arises from his rape of a young woman in November, 2009.  Petitioner was initially charged with several counts of criminal sexual conduct and with being a fourth habitual offender.  On March 22, 2010, he pleaded guilty to one count of third-degree criminal sexual conduct in exchange for the dismissal of the other charges and a sentencing agreement of 5 to 15 years in prison.  On April 14, 2010, the trial court sentenced him in accordance with that agreement.

Following his conviction and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *People v. Robinson*, No. 301098 (Mich. Ct. App. Jan. 6, 2011).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was also denied.  *People v. Robinson*, 489 Mich. 936, 797 N.W.2d 637 (May 24, 2011).

On April 27, 2012, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on July 18, 2012. The trial court denied reconsideration on November 28, 2012. *See* Dkt., Wayne Co. Cir. Ct. No. 09-030445-01-FC. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed for failure to pay the filing fee and pursue the case in conformity with the rules. *People v. Robinson*, No. 312246 (Mich. Ct. App. Dec. 27, 2012) (unpublished). The court also denied reconsideration/reinstatement on February 26, 2013. Petitioner attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely. *See* Mich. S. Ct. Clerk Larry Royster Affidavit.

Petitioner dated his federal habeas petition on August 30, 2013. Respondent filed the instant motion for summary judgment on March 27, 2014. Petitioner has not filed a reply to the motion.

## II.  Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct.

2505, 2509-10 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970). To defeat a summary judgment motion, the non-moving party must set forth specific facts sufficient to show that a reasonable fact-finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas actions. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### III.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this case because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on May 24, 2011. Petitioner then had 90 days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Rule 13(1), Supreme Court Rules; *Jimenez v. Quarterman*, 555 U.S. 113, 119-20, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 332-33, 127 S. Ct. 1079, 1083-84

5

(2007).  With regard to the statute of limitations, therefore, his conviction became final on August 22, 2011.  Petitioner was thus required to file his federal habeas petition on or before August 22, 2012, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment on April 27, 2012.  At that point, 248 days (about 8 months) of the one-year period had run.  The one-year period was then tolled until the trial court denied his motion for reconsideration on November 28, 2012.  Because Petitioner did not comply with the filing requirements for appealing that decision to the Michigan Court of Appeals (or timely seek leave to appeal with the Michigan Supreme Court), the one-year period resumed running the next day and expired 117 days (about 4 months) later on March 26, 2013.  The running of the statute of limitations is only tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  "Properly filed" means that the document's "delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the *requisite filing fee*."  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364 (2000)

6

(emphasis added).  Because Petitioner did not properly seek leave to appeal in the Michigan appellate courts, those proceedings did not further toll the one-year period.[1] Petitioner did not date his federal habeas petition until August 30, 2013 – well after the one-year period had expired.  The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).  His petition is untimely.

Petitioner does not assert that the State created an impediment to the filing of his habeas petition, or that his claims are based upon newly-discovered evidence or newly-enacted retroactively-applicable rights that would warrant habeas relief.  His petition is therefore untimely under 28 U.S.C. § 2244(d).

---

[1] The Court notes that even if it considered Petitioner's delayed application for leave to appeal to be "properly filed" in the Michigan Court of Appeals until it was dismissed on December 27, 2013 or until reinstatement/reconsideration was denied on February 26, 2013, his habeas petition is untimely.  Petitioner had 56 days to seek leave to appeal with the Michigan Supreme Court, Mich. Ct. R. 7.302(C)(3), but he did not do so within that time.  A post-conviction motion is "pending," within the meaning of 28 U.S.C. § 2244(d)(2), during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S. Ct.  846, 849 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134 (2002)) (emphasis in original).  Because Petitioner did not timely seek leave to appeal with the Michigan Supreme Court, the tolling of the limitations period ended, at the latest, when the Michigan Court of Appeals denied reinstatement/reconsideration on February 26, 2013.  Even under such a scenario, his habeas petition is more than two months late.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A habeas petitioner has the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. Moreover, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances

8

which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner's contention that his habeas claims have merit also does not justify tolling the limitations period. *Holloway*, 166 F. Supp. 2d at 1191. Petitioner fails to establish that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific

9

evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321, 115 S. Ct. at 864).

Petitioner's pleadings do not show that he is actually innocent. His own self-serving, conclusory assertions of innocence are insufficient to support an actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Moreover, his guilty plea belies an actual innocence claim. *See Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that an actual innocence claim is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner fails to demonstrate that he is entitled to equitable tolling of the one-year period. His habeas petition is untimely and must be dismissed.

10

**IV.  Conclusion**

2:13-cv-14041-PJD-MAR   Doc # 9   Filed 06/25/14   Pg 12 of 13   Pg ID 578

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his federal habeas petition within the one-year period established by 28 U.S.C. § 2244(d), that he is not entitled to statutory or equitable tolling of the one-year period, and that the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Id*.  Reasonable jurists would not find the Court's

procedural ruling that the petition is untimely debatable.  Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal because an appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Dated:  June 25, 2014